UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROSALIND MOORE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:15-CV-1510-JAR |
| SOUTHWESTERN BELL TELEPHONE COMPANY, et al., | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Remand (Doc. No. 24). The Motion is fully briefed and ready for disposition. For the following reasons, Plaintiff's Motion will be **GRANTED**. Also before the Court is Defendants' Motion for Sanctions (Doc. No. 30); Defendants' Motion will be denied.

## I. BACKGROUND

On July 15, 2015, Plaintiff Rosalind Moore filed this action in the Circuit Court for the City of St. Louis, Missouri, against Defendants Southwestern Bell Telephone Company ("SWBTC") and AT&T Corp., and individual Defendants Jennifer Mujkanovic, Jeffrey Taylor, and Kevin Gonzalgo. Mujkanovic was Plaintiff's former immediate supervisor; Taylor and Gonzalgo were also former supervisors of Plaintiff. In her Petition, Plaintiff alleges that while an employee of SWBTC, she did not receive an accommodation and was subsequently discharged due to her disability, in violation of the Missouri Human Rights Act.

Defendant SWBTC removed this action to federal court on October 10, 2015, pursuant to 28 U.S.C. § 1332. On February 3, 2016, Plaintiff filed a Motion to Remand this case to the

1

Circuit Court for the City of St. Louis, Missouri, claiming the parties are not diverse because Plaintiff and Defendants Mujkanovic and Taylor are citizens of the state of Missouri. Defendants respond that Plaintiff's Motion to Remand should be denied because Defendants Mujkanovic and Taylor were not properly named in the Missouri Commission on Human Rights ("MCHR") charge of discrimination, and are therefore fraudulently joined.

After this action was removed to federal court, Plaintiff's previous counsel, Attorney Peggy Hardge, who is not admitted to practice before this Court, withdrew her representation and Plaintiff elected to proceed pro se. In Defendants' Motion for Sanctions, they allege that despite purportedly appearing pro se, Plaintiff has continued to receive assistance and legal guidance from Attorney Hardge, and therefore move for sanctions. Among other evidence, Defendants cite to Plaintiff's interrogatory responses, in which she states that Attorney Hardge aided her in preparing the responses. Plaintiff did not respond to Defendants' motion.

## II. ANALYSIS

### *Plaintiff's Motion for Remand*

Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Manning v. Wal–Mart Stores East, Inc.*, 304 F.Supp.2d 1146, 1148 (E.D. Mo. 2004) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)). The party seeking removal and opposing remand has the burden of establishing jurisdiction. *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator*, 561 F.3d 904, 912 (8th Cir. 2009); *City of Univ. City, Missouri v. AT&T Wireless Services, Inc.*, 229 F.Supp.2d 927, 929 (E.D. Mo. 2002). "A defendant may remove a state law claim to federal

court only if the action originally could have been filed there." *In re Prempro Products Liability Litigation*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

There is no dispute that Plaintiff and Defendants Mujkanovic and Taylor are citizens of the State of Missouri, defeating diversity jurisdiction. However, Defendants contend that this Court has jurisdiction because Plaintiff failed to name Defendants Mujkanovic and Taylor in her MCHR complaint and, therefore, they cannot properly be sued and have been fraudulently joined. In response, Plaintiff argues (in her motion for remand) that (1) Defendants Mujkanovic and Taylor were mentioned, if not formally named, in her administrative complaints, and (2) the individual Defendants share a substantial identity of interest with Defendant AT&T Corp., which was formally named in the administrative complaints.

"Fraudulent joinder does not exist where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" *Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011) (quoting *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010)). "'[I]n situations where the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'" *Junk*, 628 F.3d at 446 (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003) (citation omitted)).

3

In *Hill v. Ford Motor Company*, 277 S.W.3d 659 (Mo. 2009), the Missouri Supreme Court acknowledged that a failure to name an individual defendant in MHRC administrative proceedings does not bar the individual defendant from being named in the subsequent lawsuit in every circumstance. Instead, the Missouri Supreme Court explained that "the failure to make [an individual] a party at the administrative action before the EEOC or the Missouri Commission on Human Rights . . . will bar suit against him only if it resulted in prejudice." *Hill*, 277 S.W.3d at 662. "Because *Hill* holds that there are circumstances under which the case can proceed, despite the failure to name an individual defendant in the administrative charge, district courts have concluded that there is a reasonable basis for predicting that the state's law might impose liability against the defendant." *Parker v. Pinnacle Entm't, Inc.*, No. 4:14 CV 791 RWS, 2014 WL 3827232, at *2 (E.D. Mo. Aug. 4, 2014) (listing cases) (internal quotations omitted). Thus, in light of the sufficiency of the complaint against non-diverse Defendants Mujkanovic and Taylor, there is a reasonable basis for prediction that state court jurisdiction is proper, and the Court will grant Plaintiff's Motion to Remand (Doc. No. 24).

*Defendants' Motion for Sanctions*

Next, the Court will address Defendants' motion for sanctions due to the unauthorized practice of law. This Court's local rules state that the Court "may impose sanctions pursuant to the Court's inherent authority, Fed. R. Civ. P. 11, 16 or 37, or any other applicable authority, and may initiate civil or criminal contempt proceedings against an attorney appearing in an action in this Court." E.D.Mo. L.R. 83-12.02. Notably, however, Attorney Hardge does not formally appear in this action, as she is not authorized to practice law before this Court. As such, while counsel's actions—such as failing to respond to communications from the Clerk of Court, and allegedly continuing to assist Plaintiff despite being unauthorized to practice before this Court—

4

may be improper and inappropriate, the Court will not sanction Plaintiff for the actions of her former attorney. Therefore, without addressing the scope of this Court's authority to sanction Attorney Hardge, the Court will elect not to impose any sanction at this time.

### III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. No. 24) is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court for the Twenty-Second Judicial Circuit, St. Louis City, Missouri. A separate order of remand will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendants' Motion for Sanctions (Doc. No. 30) is **DENIED.**

Dated this 10th day of May, 2016.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE